IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| WILLIAM F. YOUNG § | |
| § | |
| V. § | CIVIL ACTION NO. G-10-226 |
| § | |
| CITY OF CLEAR LAKE SHORES, ET AL. § | |

OPINION AND ORDER

On June 12, 2010, Plaintiff, William F. Young, a former police officer with the City of Clear Lake Shores, Texas, sued the City, its Police Chief Paul Shelley and Captain Tina Shelley asserting Title VII claims for age discrimination, sex discrimination and retaliation; a related civil rights violation under § 1983; a "Sabine Pilot" unlawful termination claim; and state law tort claims of slander and intentional infliction of emotional distress.  The Parties have consented to proceed before this Court pursuant to 28 U.S.C. § 636(c)(1).  On July 7, 2010, the Defendants filed three dispositive motions; those Motions are now ripe for the Court's consideration.

The City's Motion for Partial Summary Judgment on the Pleadings

In this Motion the City first seeks judgment as to Young's § 1983 cause of action by arguing that its City Council, not Chief Shelley, is its final-policy maker and United States Supreme Court and Fifth Circuit authority precludes Young's argument that, regardless of Section 22.01 of the Texas Local Government Code and the City's internal code, the City has, in fact, abdicated its decision-making authority to the Chief and may, therefore, be liable for his unconstitutional behavior.  At this juncture of this litigation, this Court respectfully disagrees with the City.  The cases cited by the City recognize that a series of unconstitutional decisions by a subordinate official could constitute a "custom or usage" of which the policy-maker must have

been aware and lead to the legal conclusion, however rare, that the policy-maker had "adopted a policy that happened to have been formulated or initiated by a lower ranking official." City of St. Louis v. Propratnik, 485 U.S. 112, 130 (1988); Flores v. Cameron County, Texas, 92 F.3d 258, 269 (5th Cir. 1996)   The City's argument, in reliance on Worsham v. City of Pasadena, 881 F.2d 1336, 1340-41 (5th Cir. 1989), that because the City Council retains the right to review an employment decision there is no possibility of municipal liability is also too sweeping.  While an incomplete delegation alone cannot result in liability, where the review process can be shown to be nothing more than a complete "rubber stamp" exercise by the policy-maker, municipal liability can be based upon "custom and usage."  Gros v. City of Grand Prairie, 181 F.3d 613, 616 n.2 (5th Cir. 1999)

Young has alleged that the City, by local *custom* has abdicated its policy-making authority to Chief Shelley who also serves as the City Administrator with the authority to review his own employment decisions as Chief of Police.  Young further alleges that Chief Shelley has committed similar conduct in the past which may be under investigation by state authorities.  Young, therefore, argues that it is premature to consider dismissal of his § 1983 claim.  This Court agrees.

This Court is well aware of the new Twombly/Iqbal plausibility test, but tends to agree with Judge Posner that the heightened pleading requirement ushered in by those cases should be relaxed except in complex cases in which discovery will be extremely expensive or those involving immunity, in which discovery is initially precluded.  See Cooney v. Rossiter, 583 F.3d 967 (7th Cir. 2009)   The City is not protected by qualified immunity and discovery could be tailored to quickly flesh out the merits of Young's "custom" claim.  The Court, therefore, is of the opinion

that the fate of the § 1983 claim against the City should await a Motion for Summary Judgment on the merits.

The City also moves for judgment as to Young's state law tort claims of slander, wrongful termination and intentional infliction of emotional distress lodged against the City on the basis of the City's immunity. Young does not dispute the City's position, therefore, these claims will be dismissed.

### The City's Motion to Dismiss Tort Claims Against its Employees

In this Motion, the City, by reliance on Section 101.106(a) and (e) of the Texas Civil Practice & Remedies Code, seeks the dismissal of Young's claims for slander, wrongful termination and intentional infliction of emotional distress asserted against Defendants Paul and Tina Shelley. Young concedes that the City has properly interpreted the statute, but argues that it does not apply because, despite his inartful pleading, he did not intend to sue the City for those claims. Unfortunately, for Young, his original complaint expressly sued the Shelleys in both their individual and official capacities. As the City points out, an official capacity claim is the equivalent of a claim against the municipality itself, Hafer v. Melo, 502 U.S. 21, 25 (1991). Consequently, by asserting such claims Young, whether purposefully or not, made an irrevocable election to sue the City for those tort law claims and the claims against the Shelleys are barred by the statute and must be dismissed. See Mission Consolidated Ind. Sch. Dist. v. Garcia, 253 S.W.3d 653, 657 (Tex. 2008) see also, Bustos v. Martini Club, Inc., 599 F.3d 458, 463 (5th Cir.2010)

**The Shelley's Motion to Dismiss or for More Definite Statement**

Insofar as Young is asserting any age discrimination claim against the Shelleys, the claims must be dismissed. The ADEA provides no basis for individual liability for supervisory employees. Medina v. Ramsey Steel Co., Inc., 238 F.3d 674, 680 (5th Cir. 2001)

The same is true as to any Title VII claims against the Shelleys, Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir. 1999); any such claims must, therefore, be dismissed.

As shown above, Young's election to sue the Shelleys in their official capacities precludes the prosecution of state law tort claims against them individually.

Finally, as to Young's § 1983 claims against the Shelleys the Court will order Young to file a More Definite Statement to set forth, with factual specificity, the constitutional or federal statutory violation forming the basis of his § 1983 claim.

For all of the foregoing reasons it is **ORDERED** that "Clear Lake Shore's Motion for Partial Summary Judgment on the Pleadings" (Instrument no. 8) is **GRANTED in part and DENIED in part** and Plaintiff's claims against the City for slander, wrongful termination and intentional infliction of emotional distress are **DISMISSED**.

It is further **ORDERED** that "Clear Lake Shore's Motion to Dismiss Texas Law Tort Claims Against City Employees" (Instrument no. 9) is **GRANTED** and Plaintiff's claims against Defendants Paul Shelley and Tina Shelley for slander, wrongful termination and intentional infliction of emotional distress are **DISMISSED**.

It is further **ORDERED** that "Paul Shelley and Tina Shelley's Motion to Dismiss or, alternatively, for More Definite Statement" (Instrument no. 10) is **GRANTED** insofar as it seeks dismissal of all claims under the ADEA and Title VII, if any, asserted by Plaintiff against them and all such claims are **DISMISSED**; **DENIED** insofar as it seeks dismissal of Plaintiff's § 1983 claims against these Defendants; and **GRANTED** insofar as it requests a More Definite Statement of facts.

It is further **ORDERED** that Plaintiff, William F. Young, **SHALL** file a <u>More Definite Statement</u> of facts, <u>on or before</u> **November 5, 2010**, setting forth with factual particularity, the complete present basis of any constitutional or federal statutory violation which forms the basis of his § 1983 claim.

**DONE** at Galveston, Texas, this     18th     day of October, 2010.

John R. Froeschner
United States Magistrate Judge

5